

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

NADER ABDALLAH,

    Petitioner,

v.                                                   CRIMINAL ACTION NO. 4:15-cr-18(3)

UNITED STATES OF AMERICA,

    Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Nader Abdallah's ("Petitioner") Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 987. For the following reasons, Petitioner's Motion is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On September 4, 2019, Petitioner pleaded guilty to Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances and Controlled Substance Analogues, in violation of 21 U.S.C. § 846. ECF Nos. 940–942. On December 5, 2019, this Court sentenced Petitioner to 144 months in prison and three years of supervised release. ECF Nos. 978–980.

Petitioner is 60 years old and suffers from type II diabetes. He has been detained in federal custody since April 20, 2015 and is currently serving his sentence at Brooklyn MDC. According to the Bureau of Prisons, Petitioner is identified as high risk of contracting COVID-19.[1] He is scheduled for release on July 10, 2025. ECF No. 987-3.

On April 26, 2020, Petitioner, through counsel, filed the instant motion for compassionate

---

[1] Chief Judge Mauskopf of the Eastern District of New York ordered the BOP to provide a list of at-risk inmates at Brooklyn MDC to the Federal Defenders of New York. *See* ECF No 987-2.

release. ECF No. 987. The Government opposed the motion on May 10, 2020. ECF No. 988. Petitioner did not file a reply.

## II. LEGAL STANDARD

### A. Exhaustion Requirement

A petitioner may bring a motion to modify his or her sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court. *Id.* However, the exhaustion requirement may be waived under the following circumstances: (1) the relief sought would be futile upon exhaustion; (2) exhaustion via the agency review process would result in inadequate relief; or (3) pursuit of agency review would subject the petitioner to undue prejudice. *United States v. Zukerman*, 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020) *citing Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019). The COVID-19 pandemic, which could result in catastrophic health consequences for petitioners vulnerable to infection, implicates all three exceptions justifying the waiver of the exhaustion requirement. *Miller v. United States*, 2020 WL 1814084, at *2 (E.D. Mich. Apr. 9, 2020); *United States v. Zukerman*, 2020 WL 1659880, at *3 (S.D.N.Y. April 3, 2020); *United States v. Perez*, 2020 WL 1456422, at *3–4 (S.D.N.Y. Apr. 1, 2020); *United States v. Gonzalez*, 2020 WL 1536155, at *2 (E.D. Wash. Mar. 31, 2020).

### B. Compassionate Release

As amended by the FIRST STEP Act, a court may modify a term of imprisonment on the motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if

"extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. § 1B1.13, Application Note 1. Before the passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence may be modified due to the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. § 1B1.13, n. 1 (A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the BOP before an individual could petition the district court for relief. *Id.*

However, U.S.S.G. § 1B1.13 is now outdated following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the BOP. As such, U.S.S.G. § 1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *McCoy v. United States*, 2020 WL 2738225, at *4 (E.D. Va. May 26, 2020); *see also United States v. Lisi*, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release ... [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts...."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive"). A petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C.

§ 994(t). In sum, the Court may consider a combination of factors, including but not limited to those listed in U.S.S.G. § 1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

## III. DISCUSSION

### A. Exhaustion Requirement

Petitioner has not indicated whether he exhausted his administrative remedies. However, this Court, as well as several other district courts, have repeatedly waived the exhaustion requirement given the COVID-19 pandemic and the catastrophic health consequences it has for inmates with underlying health conditions. *See United States v. Poulios*, N. 2:09-cr-109, 2020 WL 1922775, at *1 (E.D. Va. April 21, 2020); *United States v. Casey*, No. 4:18-cr-4, 2020 WL 2297184, at *2 (E.D. Va. May 6, 2020); *Miller v. United States*, 2020 WL 1814084, at *2 (E.D. Mich. Apr. 9, 2020); *Zukerman*, 2020 WL 1659880, at *3; *United States v. Perez*, 2020 WL 1456422, at *3–4 (S.D.N.Y. Apr. 1, 2020); *Gonzalez*, 2020 WL 1536155, at *2. Petitioner's case is no different. Petitioner is an elderly man who suffers from type II diabetes and has been specifically classified as high risk by the BOP. ECF No. 987 at 1–2. And Petitioner is housed at a prison facility where it is difficult to follow social distancing measures. *See United States v. Muniz*, No. 4:09-CR-0199-1, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (noting that despite the BOP's protection measures, individuals housed in prisons remain particularly vulnerable to infection). To deny or delay Petitioner's motion for compassionate release on the grounds that he has failed to exhaust his administrative remedies, could subject Petitioner to severe illness and death if he contracts COVID-19. *See Zukerman*, 2020 WL 1659880, at *6 *citing Rodriguez*, 2020 WL 1627331, at * 12 ("the Court did not intend for that sentence to include incurring a great and unforeseen risk of severe illness or death brought on by a global pandemic"). Therefore, Petitioner

has shown that waiver of the exhaustion requirement is justified.

**B. Compassionate Release**

The Court also finds that Petitioner has set forth extraordinary and compelling reasons to modify his sentence because of the grave risk COVID-19 poses to individuals with underlying health conditions. As mentioned previously, Petitioner is 60 years old and suffers from type II diabetes. ECF No. 987 at 1–2. Both his age and his underlying health condition make him particularly vulnerable to serious illness or death if he contracts COVID-19.[2] The BOP has already identified Petitioner as being high risk for serious illness if he contracts the virus. ECF No. 987-2. Petitioner also shows a particularized risk of contracting the disease at Brooklyn MDC, where there have been a few confirmed cases of individuals infected with the virus.[3] Even with these confirmed cases, the statistics about the number of infections in BOP facilities may not reflect the exact number of infections given the lack of testing. *See United States v. Esparza*, No. 1:07-cr-00294-BLW, 2020 WL1696084, at *1 (D. Idaho. April 7, 2020). Yet, COVID-19 has rapidly spread throughout prisons all over the country, and individuals housed in prisons remain vulnerable to infection despite the BOP's protection measures. *See Muniz*, 2020 WL 1540325, at *1; *see also Esparza*, 2020 WL1696084, at *1 (noting that "[e]ven in the best run prisons, officials might find it difficult if not impossible to follow the CDC's guidelines for preventing the spread of the virus among inmates and staff: practicing fastidious hygiene and keeping a distance of at least six feet from others").

During the COVID-19 pandemic, several federal courts around the country have found that

---

[2] "Coronavirus Disease 2019 (COVID-19): People Who are at Higher Risk," *Centers for Disease Control and Prevention*, available at https://www.cdc.gov/coronavirus/2019-ncov/specific-groups/people-at-higher-risk.html (last visited June 2, 2020).
[3] "Bureau of Prisons COVID-19 Cases," available at https://www.bop.gov/coronavirus/ (last visited June 2, 2020). According to the BOP's website, as of June 2, 2020, there were 6 staff members who tested positive for the virus at Brooklyn MDC.

5

compassionate release is justified under the circumstances. *Zukerman*, 2020 WL 1659880, at *4 citing *Perez*, 2020 WL 1546422, at *4; *United States v. Colvin*, 2020 WL 1613943, *4 (D. Conn. Apr. 2, 2020); *United States v. Rodriguez*, No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020); *United States v. Jepsen*, No. 3:19-CV-00073 (VLB), 2020 WL 1640232, at *5 (D. Conn. Apr. 1, 2020); *Gonzalez*, 2020 WL 1536155, at *3; *Muniz*, 2020 WL 1540325, at *2; *United States v. Campagna*, No. 16 CR. 78-01 (LGS), 2020 WL 1489829, at *3 (S.D.N.Y. Mar. 27, 2020). Similarly, the Court finds that compassionate release is justified in Petitioner's case given the COVID-19 pandemic, Petitioner's age, underlying health condition with type II diabetes, high risk classification by the BOP, and lack of effective safety measures in federal prisons.

Furthermore, the § 3553(a) factors weigh in favor of Petitioner's compassionate release given his underlying health conditions and the COVID-19 pandemic. Petitioner's criminal history and the seriousness of his conduct remain unchanged. Petitioner has been detained in federal custody since April 20, 2015 for a non-violent offense. ECF No. 987. While in prison, Petitioner has demonstrated rehabilitation, completing a wide range of courses and rehab. *Id.* at 16. Petitioner has also maintained close ties with his family and has strong family support upon release. *Id.* at 14–17. The Court finds that Petitioner is not a danger to the safety of any other person or to the community. Thus, given the circumstances in Petitioner's case, extraordinary and compelling reasons exist for Petitioner's compassionate release.

### IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **GRANTED**. Petitioner's sentence is reduced to **TIME SERVED**. Upon release, Petitioner shall be placed on supervised release as previously ordered in his criminal judgement with a special condition of twenty-four (24) months

home confinement. The Bureau of Prisons is **DIRECTED** to release Petitioner from custody within **FOURTEEN (14) DAYS** of the date of this Order. Petitioner is **DIRECTED** to contact the United States Probation Office within seventy-two (72) hours of his release.

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED.**

/s/
Raymond A. Jackson
United States District Judge

Newport News, Virginia
June 4, 2020

UNITED STATES DISTRICT JUDGE